U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 20 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH DEWAYNE HARDY, Plaintiff | CIVIL ACTION NO. 1:16-CV-1247; "P" |
| VERSUS | CHIEF JUDGE DRELL |
| VICTOR JONES, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Kenneth Dewayne Hardy ("Hardy"). Hardy is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center. Hardy complains that his constitutional rights were violated by Sheriff Victor Jones, Jr., Captain Herman Glen Sers, Warden Dean Dove, and Nurse Willie Mae Clark.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Hardy alleges that he was brought to Natchitoches Parish Detention Center on January 6, 2016. Captain Sers placed Hardy in a suicide isolation cell without any clothing. For one week, Hardy had to sleep naked on an iron bed with no mattress, and he was not allowed to shower. (Doc. 5, p. 3).

Hardy claims he has remained in isolation since January, without ever being allowed outside of his cell for exercise or fresh air. (Doc. 5, p. 3). Hardy has to drink hot water, as the tap in the cell does not dispense cold water. Hardy is afforded a trip to the shower three times a week. (Doc. 5, pp. 3-4).

Hardy's mattress was removed from his cell by Captain Sers from July 20-23, 2016. (Doc. 5, p. 4).

Hardy has submitted numerous requests for medical care due to an alleged infection in his gums and teeth, which causes swelling, bleeding, and pain. All of Hardy's complaints were ignored by Nurse Clark. (Doc. 5, p. 4).

Hardy alleges that he has written numerous complaints to Warden Dove, but the complaints have been ignored. (Doc. 1, p. 5).

II. **Law and Analysis**

    A. **Hardy's complaint is subject to screening under §§ 1915(e)(2) and 1915A.**

Hardy is an inmate who has been allowed to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Hardy's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Hardy's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Hardy has not alleged a physical injury as to some of his claims.

Hardy claims to have experienced emotional suffering as a result of his confinement. "No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. The physical injury required by § 1997e(e) must be more than *de minimis*, but need not be significant. See Harper v. Showers, 174 F.3d 716 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) (bruising and soreness for three days from guard twisting a prisoner's arm and ear was *de minimis* and would not support a claim for mental or emotional suffering)).

Hardy alleges that his untreated dental problem causes swollen, bleeding gums and "serious pain." (Doc. 5, p. 4). However, as to the complaints regarding his confinement, Hardy has alleged only emotional pain and suffering. Hardy cannot recover damages for emotional injury because he has not alleged a physical injury as

to those claims. See Alexander v. Tippah Cty., Miss., 351 F.3d 626, 631 (5th Cir. 2003) (no physical injury alleged from confinement in isolation cell with no running water, mattress, or toilet); Ordaz v. Lynaugh, 20 F.3d 1171, No. 93–4290, 1994 WL 144882, at *4 (5th Cir. 1994) (denial of recreation with no health impairment or physical injury alleged fails to state constitutional claim).

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Hardy's claims regarding his confinement, filed against Sheriff Jones, Captain Sers, and Warden Dove, be denied and dismissed. Hardy's claim that his requests for dental care have been ignored by Nurse Clark and Warden Dove will be served on those defendants pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 20 day of October, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge