UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH DEWAYNE HARDY,<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-1247-P |
| VERSUS | JUDGE DONALD E. WALTER |
| VICTOR JONES, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND REOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Kenneth Dewayne Hardy ("Hardy"). Hardy is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center. Hardy complains that his constitutional rights were violated by Sheriff Victor Jones, Jr., Captain Herman Glen Sers, Warden Dean Dove, and Nurse Willie Mae Clark.

Hardy's claims regarding the conditions of his confinement, filed against Defendants Jones, Sers, and Dove, have been denied and dismissed. (Doc. 11). Hardy's only remaining claim is for the denial of medical care against Warden Dove and Nurse Clark.

The Clerk of Court served Hardy with forms for service of process on Warden Dove and Nurse Clark. Hardy was ordered to furnish to the Clerk of Court the completed documents and the complaint for service of process on each defendant. (Doc. 12). The service forms were to be returned by December 28, 2016. (Doc. 12). To date, Hardy has failed to comply with the Court's order.

A district court may dismiss an action for a plaintiff's failure to prosecute or to comply with any order. See Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 629-630.

Hardy has failed to comply with the Court's order to complete and return forms for service of process.

Therefore, **IT IS RECOMMENDED** that Hardy's remaining medical care claim be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS

REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 2nd day of March, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge